UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James A Butler, #10256-050,<br><br>       Petitioner,<br><br>vs.<br><br>Warden J.J. LaManna; and<br>Valarie A. Kepner, SOE,<br><br>       Respondents.<br>_____ | C/A No. 0:06-111-HFF-BM<br><br><br><br>Report and Recommendation |

The petitioner, James A. Butler ("Petitioner"), proceeding *pro se*, files for a Writ of Mandamus pursuant to 28 U.S.C. § 1361. Petitioner is an inmate at Federal Correctional Institution- Edgefield, a facility of the Bureau of Prisons (BOP), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names two employees at FCI-Edgefield as Defendants.[1] Petitioner seeks mandamus relief to compel the Defendants to provide him with a copy of an unpublished opinion of the Court of Appeals for the Fourth Circuit.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); Todd v.

---

[1] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



Baskerville, 712 F.2d 70 (4th Cir. 1983). Since, Petitioner is a *pro se* litigant, his pleadings are accorded liberal construction. Hughes v. Rowe, 449 U.S. 5 (1980); Estelle v. Gamble, 429 U.S. 97 (1976); Haines v. Kerner, 404 U.S. 519 (1972); Loe v. Armistead, 582 F. 2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F. 2d 1147 (4th 1978).  However, even under this less stringent standard, the undersigned finds that this *pro se* Complaint is still subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Social Sciences, 901 F. 2d 387 (4th Cir. 1990).

## Background

The record reflects that Petitioner filed a complaint in the United States District Court for the District of Maryland on July 28, 2004. *See* Butler v. Shearin, 1:04-2496.  In that case, the defendants' initial Motion to Dismiss or for Summary Judgment was granted in part and denied in part based on the holding of Manning v. Lambert, 140 Fed. Appx. 446 (4th Cir. July 20, 2005).  Petitioner then filed this mandamus action in the District of South Carolina seeking to compel the Defendants to provide him with a copy of the Manning decision.  Petitioner also filed a motion in his District of Maryland case seeking to stay that case due to his inability to obtain a copy of the Manning decision, or to compel FCI-Edgefield officials to provide him with a copy of the Manning decision.  By order dated January 12, 2006, the Honorable William M. Nickerson, Senior United States District Judge in the District of Maryland, directed that the Clerk of that Court mail a copy of the Manning

2



decision to Petitioner.²

## Discussion

Mandamus is a drastic remedy to be used only in extraordinary circumstances. See Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980); Mallard v. United States Dist. Court, 490 U.S. 296, 308 (1989). The Fourth Circuit Court of Appeals has held that:

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements: (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

In re Braxton, 258 F.3d 250, 261 (4$^{th}$Cir. 2001), *citing* United States ex rel. Rahman v. Oncology Assocs., P.C., 198 F.3d 502 (4th Cir. 1999).

Here, Petitioner's mandamus action fails and is patently frivolous because he has several other means to attain the relief requested. The fact that Petitioner obtained the opinion he seeks through his pending case in the District of Maryland is proof that the

---

² This case is moot upon Petitioner's receipt of the Manning decision, because his interest in the outcome of this action ceases. Powell v. McCormack, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.") Nevertheless, this case is not recommended for dismissal as moot because it is "capable of repetition." Weinstein v. Bradford, 423 U.S. 147, 149 (1975)(capable of repetition means "there is a reasonable expectation that the same complaining party would be subjected to the same action again.") It can reasonably be expected that the FCI-Edgefield legal library may deny a future request from the Petitioner for a copy of an unpublished opinion.

3



mandamus action filed in this Court is frivolous. In addition to filing a motion in his pending case in the District of Maryland, Petitioner could have requested a copy of the desired unpublished opinion from the Fourth Circuit. Petitioner also had available remedies through the BOP administrative remedies program[3], and a <u>Bivens</u> action[4] for injunctive relief. Hence, Petitioner's mandamus action fails to state a claim for which relief may be granted, and is frivolous. Not only should the action be dismissed, but also deemed a strike for purposes of 28 U.S.C. § 1915(g).[5]

### Recommendation

Accordingly, it is recommended that this Petition for writ of mandamus be dismissed *with prejudice* and without issuance and service of process. *See* <u>Denton v. Hernandez</u>, <u>supra</u>; <u>Neitzke v. Williams</u>, <u>supra</u>; <u>Haines v. Kerner</u>, <u>supra</u>; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. It is further recommended that the

---

[3] The Petitioner filed a BOP request to staff, which was denied. He did not, however, pursue the matter through the BOP administrative remedies program. Although the Petitioner is not required to exhaust administrative remedies prior to filing a mandamus action, the BOP administrative remedies program provides several levels of review, and is another available means of obtaining the relief he seeks in mandamus.

[4] <u>Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics</u>, 403 US 388 (1971) (direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.)

[5] Title 28 U.S.C. § 1915 requires an inmate to pay the filing fee for his case in advance after he has had three cases "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." <u>Id</u>.

4



dismissal of this case be deemed a strike pursuant to 28 U.S.C. § 1915 (g).

The petitioner's attention is directed to the important notice on the next page.

Respectfully Submitted,

Bristow Marchant
United States Magistrate Judge

February 9 , 2006
Columbia, South Carolina

5



## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

  During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must** *specifically identify* **the portions of the Report and Recommendation to which objections are made** *and* **the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**
