

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| JAMES A. BUTLER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 0:06-111-HFF-BM |
| | § | |
| J.J. LAMANNA *et al.*, | § | |
| | § | |
| Respondents. | § | |

ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE AND DISMISSING PETITION

This is a petition for a writ of *mandamus*. Petitioner is proceeding *pro se*. The matter is before the Court for review of the report and recommendation (Report) of the United States Magistrate Judge suggesting that the Court dismiss the petition. The Report is made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or may recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 9, 2006, and Petitioner filed objections on March 2, 2006. The Court now reviews the record in this case pursuant to the standard set forth above and analyzes Petitioner's objections.

Petitioner seeks a writ of *mandamus* from this Court ordering the institution in which he is confined to provide him with a copy of an unpublished opinion of the Court of Appeals. The Magistrate's Report notes that the petition is now moot because Petitioner received a copy of the opinion he sought upon order of the United States District Court for the District of Maryland. In his objections, Petitioner agrees, noting "Petitioner do[es] not object that the [case] is moot, because his interest in the outcome of the action [has] cease[d]." The Court agrees with the Report and with Petitioner and finds that the petition is moot.

Because the petition is moot, there is no case or controversy before the Court. Petitioner's allegation that the law library at the Federal Correctional Institution in Edgefield provides inadequate legal materials fails to state a claim in this petition for *mandamus* and, in any event, fails to satisfy the heavy burden placed on a *mandamus* petitioner. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987).

Accordingly, the Court adopts that portion of the Report which concludes that the instant petition is moot and incorporates it herein. Because the Court dismisses the petition as moot, the Court does not deem this dismissal to be a strike for purposes of 28 U.S.C. §§ 1915(e)(2) and (g). Therefore, it is the judgment of this Court that this petition be **DISMISSED**.

**IT IS SO ORDERED**.

Signed this 2d day of March, 2006, in Spartanburg, South Carolina.

s/ Henry F. Floyd
HENRY F. FLOYD
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this Order within **sixty (60)** days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.